Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000360
28-OCT-2019
08:18 AM

NO. CAAP-16-0000360


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant, v.
SEAN KEAHI MANWELL, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-0217)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the Circuit Court of the First Circuit's (Circuit Court) Findings of Fact, Conclusions of Law & Order Dismissing Indictment (Order) without prejudice against Defendant-Appellee Sean Keahi Manwell (Manwell), entered on March 29, 2016.[1]

On appeal, the State contends that the Circuit Court abused its discretion in dismissing the Indictment[2] when it

---

[1] The Honorable Rom A. Trader entered the Order for the Honorable Dexter D. Del Rosario, who presided at the January 13, 2016 hearing on Manwell's motion to dismiss the indictment.

[2] The February 12, 2015 Indictment charged Manwell with one count of Terroristic Threatening in the First Degree (TT1) against three individuals in violation of Hawaii Revised Statutes (HRS) § 707-716 (2014), which provides, in relevant part,

> (1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:
>
> . . . .
>
> (e) With the use of a dangerous instrument[.]

(continued...)

concluded that (1) the definition of "true threat" must be included in the indictment, and (2) the independent Grand Jury counsel's (GJC) failure to provide the legal definition of "terroristic threatening" and "terrorize" to the Grand Jury denied Manwell due process of law.

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve the State's appeal as follows and affirm.

An indictment must "sufficiently allege all of the essential elements of the offense." State v. Wheeler, 121 Hawai'i 383, 391, 219 P.3d 1170, 1178 (2009) (internal quotation marks omitted; quoting State v. Jendrusch, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977); see also Hawai'i Rules of Penal Procedure (HRPP) Rule 7(d) (requiring that the charge contain a "plain, concise and definite statement of the essential facts constituting the offense charged."). In addition, the charge "must be specific enough to ensure that the grand jury [] had before it all the facts necessary to find probable cause." State v. Israel, 78 Hawai'i 66, 70, 890 P.2d 303, 307 (1995) (internal quotation marks omitted; quoting State v. Daly, 4 Haw. App. 52, 54 n.6, 659 P.2d 83, 85 n.6 (1983)). "Whether an indictment or complaint sets forth all the essential elements of a charged offense is a question of law, which [the appellate court reviews] under the de novo, or right/wrong, standard." State v. Young, 107 Hawai'i 36, 39, 109 P.3d 677, 680 (2005) (citation, internal quotation marks, brackets, and ellipsis omitted).

"The elements of an offense are such (1) conduct, (2) attendant circumstances, and (3) results of conduct, as: (a) are specified by the definition of the offense, and (b) negative a defense[.]" HRS § 702-205 (2014) (format altered); Wheeler, 121 Hawai'i at 391 n.10, 219 P.3d at 1178 n.10. The Hawai'i Supreme Court has recognized that "any

---

²(...continued)

. . . .

(2) Terroristic threatening in the first degree is a class C felony.

circumstances defined in an offense that are neither conduct nor the results of conduct would, by default, constitute attendant circumstances elements of the offense." State v. Murray, 116 Hawai'i 3, 8, 169 P.3d 955, 960 (2007) (internal quotation marks and brackets omitted; quoting State v. Aiwohi, 109 Hawai'i 115, 127, 123 P.3d 1210, 1222 (2005)).

This court has observed that whether the defendant's conduct "bore the attributes of a 'true threat'" constituted attendant circumstances. In re PP, 133 Hawai'i 235, 240, 325 P.3d 647, 652 (App. 2014). In State v. Chung, 75 Haw. 398, 416-17, 862 P.2d 1063, 1072-73 (1993), the Hawai'i Supreme Court adopted the holding of the Second Circuit Court of Appeals in United States v. Kelner, 534 F.2d 1020, 1026-27 (2d Cir. 1976) that

> threats punishable consistently with the First Amendment [are] only those which according to their language and context conveyed a gravity of purpose and likelihood of execution so as to constitute speech beyond the pale of protected 'vehement, caustic [and] unpleasantly sharp attacks. . . . So long as the threat on its face and in the circumstances in which it is made is so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution, the statute may properly be applied."

(Format altered.)

In State v. Valdivia, 95 Hawai'i 465, 476, 24 P.3d 661, 672 (2001), the supreme court acknowledged that the definition of "threat" for the purposes of HRS § 707-715[3] was narrowed to "true threats." This narrowed definition differs from the common, everyday usage and understanding of the term "threat," which is not limited to threats that are unconditional, or immediate. See Merriam-Webster, https://www.merriam-webster.com/dictionary/threat ("(1) an expression of intention to inflict evil, injury, or damage;

---

[3] HRS § 707-715(1) (2014) provides, in pertinent part:

**Terroristic threatening, defined.** A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage or harm to property, including the pets or livestock, of another or to commit a felony:

(1) With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person[.]

(2) one that threatens; or (3) an indication of something impending") and Dictionary.com, https://www.dictionary.com/browse/threat ("(1) a declaration of an intention or determination to inflict punishment, injury, etc., in retaliation for, or conditionally upon, some action or course; menace: He confessed under the threat of imprisonment; (2) an indication or warning of probable trouble: The threat of a storm was in the air; (3) a person or thing that threatens.")

The Indictment issued in this case charged that,

> On or about March 18, 2013, in the City and County of Honolulu, State of Hawai'i, SEAN KEAHI MANWELL threatened Adam Arguin and/or Deslynn Ching and/or Thor Ching, by word or conduct, to cause bodily injury to Adam Arguin and/or Deslynn Ching and/or Thor Ching, with the use of a dangerous instrument, with the intent to terrorize, or in reckless disregard of the risk of terrorizing Adam Arguin and/or Deslynn Ching and/or Thor Ching, thereby committing the offense of Terroristic Threatening in the First Degree, in violation of Section 707-716(1)(e) of the Hawai'i Revised Statutes.

The Indictment does not contain a definition of the term "threatened".

As attendant circumstances that are part of the definition of the offense must be included in the charge, and a true threat has a more limited meaning than that in common usage, it was not error for the Circuit Court to issue its Order dismissing the instant Indictment in which no definition of the term "threatened" was stated.

Our resolution of this issue makes it unnecessary to address the remaining issue on appeal.

For the foregoing reasons, the March 29, 2016 Findings of Fact, Conclusions of Law & Order Dismissing Indictment entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 28, 2019.

On the briefs:

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

David Glenn Bettencourt,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4